IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARED DUNN, Inmate #309153,
    Plaintiff,

vs.                                  Case No.:  3:14cv529/LAC/EMT

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (*see* docs. 1, 4).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND

      On the first page of his complaint, Plaintiff styles this case as "Jared Dunn vs. United States District Court for the Northern District of Florida, Pensacola Division" (doc. 1 at 1).[1]  In the "parties" section of the complaint form, however, which directs Plaintiff to "[s]tate the <u>name</u> of the Defendant in the first line, official position in the second line, [and] place of employment in the third line," Plaintiff identifies:

                          Roger Vinson
                          Chief Judge
                         U.S. District Court

as the lone Defendant in this action (*id*. at 2) (emphasis in original).

---

[1] The page numbers in this Report are those assigned by the court's electronic docketing system as opposed to those assigned by Plaintiff or any other page numbers that might appear.

Plaintiff then alleges the following facts in support of his complaint (quoted in their entirety and without alteration):

> I am a victom of a pending federal on going investigation. Some one has used hypnisos on me and others, by telephone.
>
> This has took control of my thoughts and I have been unable make sound decisions.
>
> The diagnosis by the psychiatrist was given with prejustice. If the court would give "releaf" physician could give proper treatment for stableization.
>
> The Plaintiff is unable to stop the thought process to which, while being victomized by hypnisos is, and has caused self-destruction.
>
> The Plaintiff is not responsable for his criminal actions or his inablty to control his actions in general.
>
> The Plaintiff is requesting relief.

(*id*. at 5).

Claiming that, in violation of the Fourteenth Amendment, he has been denied the right to effective assistance of counsel and to "show a complete defen[s]e without preju[dice]," Plaintiff seeks a "de novo [and] complete review of all charges, fines, [and liens]" and "a complete reversal of all court imposed sentences, in Escambia and Santa Rosa Count[ies]" (*id*. at 7).

II.     ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation marks omitted). "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy

reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." Iqbal, 556 U.S. at 696; *see also* Denton v. Hernandez, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"); Neitzke v. Williams, 490 U.S. 319, 327–28 (1989) (a complaint is legally frivolous when the legal theories are "indisputably meritless"—such as when it is clear that defendants are immune from suit or a complaint contains "claims of infringement of a legal interest which clearly does not exist . . ."—or if the "factual contentions are clearly baseless," such as when the claims describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar") (citation omitted); Gallop v. Cheney, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); Davis v. Kvalheim, 261 F. App'x 231, 234 (11th Cir. 2008) (complaint may be dismissed even before service of process where its legal theories are indisputably meritless).

      A.      Fantastic or Delusional Scenario

Plaintiff essentially claims that someone has taken control over his thoughts through hypnosis over the telephone, and thus he is not responsible for his actions. He also alleges that because his thoughts are being controlled by a third party, his psychiatric diagnosis is inaccurate. As noted *supra*, in Neitzke, the Supreme Court recognized the ability of the court to dismiss a case as frivolous where the claims describe fantastic or delusional scenarios. 490 U.S. at 327–28. Although the initial assessment of Plaintiff's factual allegations must be "weighted in favor of the plaintiff," the court is not required to accept allegations as having an arguable factual basis simply because they cannot be rebutted by judicially noticeable facts. Denton, 504 U.S. at 32; *see also* Iqbal, 556 U.S. at 696. In other words, the frivolity determination cannot serve as a factfinding process for the resolution of disputed facts. Denton, 504 U.S. at 32. A finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible. *Id.* at 33. With this standard in mind, Plaintiff's complaint should be dismissed as frivolous because the claims set forth therein are based upon a fantastic scenario.

      B.      Failure to State a Claim

Alternatively, Plaintiff's case is subject to dismissal for failure to state a claim upon which relief may be granted. As noted *supra*, the relief Plaintiff seeks is that this court, through its chief district judge,[2] reverse all criminal sentences that have been imposed upon him by courts located in two counties within this judicial district, Escambia County and Santa Rosa County.

First, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002). A prisoner "cannot use a § 1983 action to challenge the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (internal quotation marks omitted). Thus, to the extent Plaintiff seeks reversal of his convictions in order to be released from incarceration, he in not entitled to such relief in this civil rights proceeding.

Second, it is well-settled that a prisoner in custody is barred from challenging the lawfulness of his conviction or confinement in a suit for damages under § 1983 if: (1) the action, if successful, would demonstrate the invalidity of the underlying conviction or sentence; and (2) his conviction or sentence has not already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Absent such an invalidation, the section 1983 suit must be dismissed. Additionally, in Edwards v. Balisok, 520 U.S. 641 (1997), the Court concluded that an inmate's claims for declaratory relief, injunctive relief, and money damages that "necessarily imply the invalidity of the punishment imposed," are not cognizable under § 1983 unless the inmate can demonstrate that the challenged action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id.* at 644; *see also* Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (same); Preiser v.

---

[2] Although the named Defendant—Roger Vinson—previously served as chief district judge for the Northern District of Florida, he is now a senior district judge and thus no longer serves as chief judge. The current chief district judge is M. Casey Rodgers. However, because Plaintiff brings only an official capacity claim against the Chief Judge, his misidentification of the current chief judge has no bearing on the undersigned's recommendation that this case be dismissed.

Case No.: 3:14cv529/LAC/EMT

Rodriguez, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Stated another way, regardless of the label a plaintiff may place on his action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *See* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (applying principle and noting that it applies equally to civil rights actions brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)). Finally, the Court in Balisok "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Here, Plaintiff does not specifically identify the criminal convictions he wishes this court to reverse, and he has not alleged—nor do the facts suggest—that any prior conviction or sentence has previously been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff has therefore failed to allege sufficient factual matter which, accepted as true, states a claim to relief that is plausible on its face. *See* Iqbal, 556 U.S. at 678.

Furthermore, the court has determined that Plaintiff is presently serving a sentence for only one conviction and that the sentence was imposed in Escambia County, Florida. More specifically, the online records of the Florida Department of Corrections ("FDOC") reflect that Plaintiff is presently serving a five-year term of incarceration for felony battery; that this five-year term was imposed on June 7, 2013, in Case No. 2013CF973, by the Circuit Court in and for Escambia County; and that this sentence is the only sentence Plaintiff is presently serving (*see* http://www.dc.state.fl.us/InmateInfo/InmateInfoMenu.asp (search inmate population using Plaintiff's name); *see also* www.escambiacountyclerk.com (search court records using Plaintiff's name)) (both

visited last on Nov. 5, 2014)).³,⁴ It thus appears that, although Plaintiff asks for all prior sentences imposed in Escambia County or Santa Rosa County to be reversed, in actuality he seeks a reversal only of the conviction in Case No. 2013CF973, since that conviction—and no other—resulted in the term of incarceration he is presently serving. To be sure, on October 6, 2014, the same day Plaintiff initiated the instant action (*see* doc. 1 at 7),⁵ he also initiated an action under 28 U.S.C. § 2254, by filing a petition in which he seeks relief from the judgment of conviction entered by the Circuit Court in and for Escambia County, Florida on June 7, 2013, sentencing him to 60-months imprisonment in Case No. 2013CF000973 (*see* Case No. 3:14cv528/LAC/CJK, Petition (N.D. Fla. Oct. 7, 2014) (doc. 1 at 1, 14)). In his habeas petition Plaintiff specifically references the instant civil rights action (*see id.* at 5–6 (noting that the facts in support of his habeas petition are set forth, in part, in the instant civil rights complaint and stating that this civil rights action is a procedure he has utilized to exhaust his remedies as to the claims raised in his habeas petition)). Plaintiff also raises claims in the habeas petition that are similar to the ones he has alleged here (*id.* at 6, 11 (alleging ineffective assistance of counsel and noting that he is not responsible for his criminal actions or his inability to control his actions and that he is a "victom" of a federal offense)). What is more, Plaintiff admits in his § 2254 petition, and the online docket of the Florida First District Court of Appeal ("First DCA") confirms, that the appeal of his Escambia County conviction and sentence in Case No. 2013CF973, is pending

---

³ *See* United States v. Berrojo, 628 F.3d 368 (5th Cir. 1980) (stating that "[t]he doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (noting a judge permissibly looked at docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state-court docket entries).

⁴ The same online records reveal that Plaintiff has previously been convicted of multiple offenses in Escambia County, and has previously been committed to (and released from) the FDOC for sentences imposed in Escambia County, but he is presently serving only the sentence imposed in Case No. 2013CF973. Moreover, a review of the Santa Rosa County Clerk's online records reveals no criminal cases under Plaintiff's name.

⁵ A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

in the First DCA (*see* Case No. 3:14cv528/LAC/CJK (doc. 1 at 2 (referencing First DCA Case No. 1D13-2992)); *see also* http://www.1dca.org, on-line dockets (search for case number 1D13-2992) (last visited Nov. 3, 2014)).  It is therefore clear that Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Plaintiff's claims are thus not cognizable under § 1983 and should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.

2. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 10th day of November 2014.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).