# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 10, 2015

Jessica Lyublanovits
U.S. District Court
1 N PALAFOX ST
PENSACOLA, FL 32502

Appeal Number: 14-15798-F
Case Style: Jared Dunn v. United States District Court f
District Court Docket No: 3:14-cv-00529-LC-EMT

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Gerald B. Frost, F
Phone #: (404) 335-6182

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 14-15798-F

JARED DUNN,

                                                                        Plaintiff-Appellant

versus

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISRTRICT OF FLORIDA,
Pensacola Division,

                                                                        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

Before: TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

BY THE COURT:

Jared Dunn, a Florida prisoner proceeding *pro se*, seeks leave to proceed and appointment of counsel in his appeal of the dismissal of his 42 U.S.C. § 1983 civil-rights action against the United States District Court for the Northern District of Florida and Chief Judge Roger Vinson. In his § 1983 complaint, Dunn contended that he is the subject of an ongoing

investigation. According to Dunn, he was hypnotized over the telephone, and, as a result of that hypnosis, he is unable to control his thoughts or make sound decisions. He further contended that, because his thoughts are being controlled by a third party, he is not responsible for his criminal actions. Dunn also alleged that a psychiatrist inaccurately diagnosed his mental condition. Finally, Dunn argued that he received ineffective assistance of counsel because his counsel was unable to show a complete defense. He sought *de novo* review of his criminal charges and reversal of his criminal sentences in Escambia and Santa Rosa Counties.

The district court determined that Dunn was indigent and assessed the $505.00 appellate filing fee, pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915. Thus, the only remaining issue is whether the appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation omitted).

The district court properly concluded that Dunn's complaint was due to be dismissed. First, Dunn's contention that hypnosis via telephone caused him to commit criminal acts for which he was not responsible appeared to be a fanciful factual allegation. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L. Ed. 2d 338, (1989).

Second, even if Dunn could demonstrate that his factual allegation were not fanciful and baseless, his claims were nevertheless *Heck*-barred. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Dunn argued that he could not be held responsible for his criminal actions because he had been hypnotized. He further claimed that his attorney was ineffective for failing to present a complete defense. Finally, the only relief that Dunn sought was reversal of his convictions. Here, a decision in favor of Dunn would necessarily contradict his convictions in Escambia and Santa Rosa Counties. *See Dyer v. Lee*,

488 F.3d 876, 884 (11th Cir. 2007).   Additionally, Dunn appeared to challenge the fact of his confinement, and the appropriate relief in that circumstance is a federal habeas-corpus petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005). Finally, Dunn did not produce any evidence that his convictions have been invalidated, and Florida court records indicate that his conviction in Escambia County has been affirmed.   Thus, he could not pursue this action, which would imply the invalidity of his Florida convictions. *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372.

Because the intended appeal from the dismissal of Dunn's § 1983 action is frivolous, we DENY leave to proceed and DISMISS the appeal.   His motion for appointment of counsel is DENIED AS MOOT.